**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | | |
| **v.** | | **1:07-cr-116-WSD** |
| **TREMAYNE DEON CRAWFORD,** | | |
| **Defendant.** | | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and
Recommendation ("R&R") [38] ("R&R") regarding Defendant Tremayne D.
Crawford's ("Crawford")  Motion to Suppress Evidence from the Warrantless
Arrest of the Defendant [15].  Also before the Court is Crawford's Objection to the
Report and Recommendation of Magistrate Judge ("Objection") [39].[1]

## I.      STANDARD OF REVIEW

A district judge "shall make a *de novo* determination of those portions of the
report or specified proposed findings or recommendations to which objection is

---

[1]  Defendant has not objected to specific findings or recommendations in the
R&R, but elected instead to restate, essentially verbatim, the arguments he made in
his Reply to Government's Response to Defendant's Motion to Suppress Evidence
[37].

made." 28 U.S.C. § 636(b)(1)(c). With respect to those findings and recommendations to which a defendant has not asserted objections, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983).

Crawford has objected only to the R&R's factual finding that the testimony of City of East Point police Lt. Charles Israel ("Israel") is credible, particularly Israel's testimony that he saw Crawford throw a punch at a female companion. The Court reviews that finding of fact *de novo*. The Court reviews the remainder of the R&R's fact findings for plain error. Finding no plain error, the Court adopts the R&R's well-presented findings of fact.

## II. BACKGROUND

Crawford is charged as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). In the evening of December 2, 2006, Israel, while working at a part-time security job, observed commotion near a green Dodge Neon car stopped in a traffic lane with the driver's door open. Israel observed a male, later identified as Crawford, in the driver's seat, and a female, identified as Rhonda Rice ("Rice") standing at the driver's door. Israel concluded that Crawford and Rice were arguing. Israel observed Crawford grab Rice and pull her into the back

2

seat of the car.  Israel, who was at that time dressed in his police uniform,

approached the car as it started to pull away.

Israel states that he positioned himself in front of the Neon and shined a

flashlight through the windshield.  Crawford stopped the car.  Rice rolled down the

passenger window and assured Israel that she was "okay" and that the situation

was "all good."  Upon receiving these assurances, Israel stepped away and allowed

Crawford to drive away.

Israel testified that while he was walking away, he turned and saw the Neon

stop again in a fire lane.  Crawford turned around in his seat and threw a punch at

Rice, who was still in the back seat.[2]  Israel's testimony on this matter was

corroborated by the testimony of police Corporal Milton Latschar ("Latschar"),

who was told by a valet at the bar that Crawford and Rice were fighting in the car.

_____

[2]  The R&R found this testimony credible, and it is the only fact finding to
which Crawford objects.  Having reviewed the record, the Court agrees with the
R&R's finding Israel credibly testified that he observed Crawford strike at Rice.  A
district court may reject a magistrate's credibility findings without holding its own
hearing "only when there is an articulable basis for rejecting the magistrate's
original resolution . . . ."  Amlong & Amlong, P.A. v. Denny's, Inc., 500 F.3d
1230, 1250 (11th Cir. 2007).  A district court need not rehear testimony, however, to
adopt a magistrate judge's credibility determination.  United States v.
Thompson, 422 F.3d 1285, 1297 (11th Cir. 2005).  Having read the testimony in
this case, the Court finds that there is no articulable basis for rejecting the R&R's
credibility finding on Israel's testimony.

Believing that Crawford had just committed battery against Rice, Israel radioed Latschar and another officer for help and once again approached the Neon. Crawford saw him approaching and drove away. Israel testified that he got into an unmarked car and followed. Israel, Latschar and other officers in marked patrol vehicles began to pursue Crawford. Israel was eventually able to position his car, with its emergency lights activated, ahead of the Neon. Rather than stop, Crawford hit Israel's car head-on. After the collision, Israel and other officers arrested Crawford, who refused to comply with commands and had to be forced from the Neon.

During the struggle to subdue Crawford, Latschar observed Crawford reaching for the floorboard of the Neon with his right hand. Latschar saw a firearm lying on the floorboard. Latschar advised Crawford not to touch the gun. Israel, hearing the warning, looked into the Neon and also saw the firearm on the floorboard. Another officer removed the firearm while Israel and Latschar struggled to subdue Crawford.

Crawford moves to suppress the evidence of the firearm. Crawford argues, in essence, that there was not probable cause to stop the Neon. Crawford argues that because "the traffic stop is invalid, the cascade of events which followed,

4

including the seizure of Mr. Crawford and the firearm, must be erased from the narrative of this case." (Defs. Obj. at 2.) Crawford argues that Israel did not present evidence sufficient to support his belief that Crawford had committed battery, and that there was no evidence that Crawford had violated traffic laws that would justify a stop.

The R&R denied Crawford's motion to suppress. The R&R found Israel's testimony credible, and concluded that Israel had probable cause to believe that Crawford had committed battery, which justified stopping the Neon. Alternatively, the R&R found that Crawford's violation of traffic laws, including committing aggravated assault by apparently deliberate crashing into Israel's unmarked car, provided probable cause to arrest Crawford and search the Neon.

In his Objection, Crawford reiterates the arguments of his motion to suppress, objecting to the R&R's legal conclusions that probable cause existed. The Objection accepts the R&R's rendition of facts, objecting only to the R&R's finding of credibility regarding Israel's testimony that Crawford threw a punch at Rice.

## III.   DISCUSSION

The Court concurs with the Magistrate Judge's sound reasoning in this case. Crawford's arrest, and the seizure of the weapon from his car, were proper.

Police may, consistent with the Fourth Amendment, "stop and briefly detain a person to investigate a reasonable suspicion that he is involved in criminal activity." United States v. Williams, 876 F.2d 1521, 1524 (11th Cir. 1989). "A traffic stop based on an officer's incorrect but reasonable assessment of facts does not violate the Fourth Amendment." United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003).

Israel observed what he reasonably believed to be Crawford committing battery on Rice. He saw Crawford and Rice arguing, then saw Crawford jerk Rice into the car. After he approached the car and received Rice's assurances that everything was okay, Crawford believed he saw Crawford throw a punch at Rice. This belief, even if factually mistaken, was a reasonable assessment of the facts as Israel saw them. Based on this reasonable suspicion, Israel was constitutionally permitted to stop and briefly detain Crawford.

Israel's arrest of Crawford and subsequent search of the Neon were also proper. A warrantless arrest requires probable cause. Michigan v. Summers, 452

6

U.S. 692, 700 (1981).  Probable cause exists when "the facts and circumstances within the officer's knowledge, of which he or she has reasonable trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  Rankin v. Evans, 133 F3d 1425, 1435 (11th Cir. 1998).

When Israel sought to stop the Neon to investigate the suspected battery, Crawford fled.  Crawford refused to pull over for Israel's vehicle or for other, marked vehicles with their emergency lights on.  Crawford then collided with Israel's car, apparently deliberately, and refuse to exit his vehicle when asked.  The facts and circumstances within Crawford's knowledge were that (i) Crawford had likely battered Rice; (ii) Rice was trapped in the car with Crawford; (iii) Crawford had fled at his approach; (iv) Crawford refused to pull over for marked or unmarked police vehicles with their emergency lights on; and (v) Crawford deliberately collided with Israel's car.  These facts, taken together, show probable cause for multiple crimes and clearly justify Israel's decision to arrest Crawford.

Israel and other officers were thus also entitled to seize the firearm on the floorboard of the Neon.  It is well-settled that "the warrantless seizure of a gun is 'objectively reasonable' under the Fourth Amendment when there is a real concern

7

for the safety of the officer present or the public at large."  United States v. Newsome, 475 F.3d 1221, 1226 (11th Cir. 2007).  Moreover, officer "may seize any contraband, including weapons, in plain view."  United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001).  "[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if the officers have a lawful right of access to the object, they may seize it without a warrant."  Minnesota v. Dickerson, 508 U.S. 366, 375 (1993).

Both the plain-view doctrine and the exigent-circumstances exception justify the seizure of the firearm in this case.  Israel and other officers, while attempting to arrest Crawford, who resisted, saw him reach for a firearm.  They reasonably feared for their safety and seized the gun.  Such a seizure in the context of a proper arrest is objectively reasonable.  Additionally, having probable cause to arrest Crawford allowed the officers lawfully to be in a position from which they could view the firearm, and gave them a lawful right of access to the interior of the Neon. The seizure was thus also justified under the plain-view doctrine.

IV.   **CONCLUSION**

On these facts, the traffic stop, arrest, and seizure of the gun were constitutional.  The Court agrees with the Magistrate Judge's findings, analysis and

conclusions in the R&R.

Accordingly,

**IT IS HEREBY ORDERED** that the Court **ADOPTS AS ITS ORDER**

Magistrate Judge's Report and Recommendation [38].

**IT IS FURTHER ORDERED** that Defendant's Objections to Magistrate's

Report [37] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Tremayne D. Crawford's

Motion to Suppress Evidence from the Warrantless Arrest of the Defendant [15] is

**DENIED**.

**SO ORDERED** this 27th day of November, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE